369 F.2d 958
 125 U.S.App.D.C. 181
 KAYCEE, INC., and Seabright, Inc., Appellants,
v.
Joy R. SIMONSON et al., Individually and Comprising the
Membership of the Alcoholic Beverage Control
Board, and Citizens Association of
Georgetown, Appellees.
CARBER, INC., trading as Roundtable Restaurant, Appellant,
v.
Joy R. SIMONSON et al., Individually and Comprising the
Membership of the Alcoholic Beverage Control
Board, and Mr. & Mrs. Gardner E. Palmer
et al., Appellees.
 Nos. 20194, 20196.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 7, 1966.
Decided Nov. 22, 1966, Petition for Rehearing En Banc and
for Rehearing Before the Division Denied Jan. 3, 1967.
 
 Mr. James F. O'Donnell, Washington, D.C., with whom Mr. Denis K. Lane, Washington, D.C., was on the brief, for appellant in 20,194.
 Mr. J. E. Bindeman, Washington, D.C., with whom Mr. Leonard W. Burka, Washington, D.C., was on the brief, for appellant in 20,196.
 Mr. John R. Hess, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Richard W. Barton, Asst. Corp. Counsel, were on the brief for appellee Simonson and certain other appellees. Mr. Charles T. Duncan, Corp. Counsel, also entered an appearance for appellee Simonson and certain other appellees.
 Messrs. David C. Niblack and Arthur J. Whalen, Jr., Washington, D.C., were on the brief for appellee, Citizens Ass'n of Georgetown.
 Messrs. R. Michael Duncan and Donald L. Morgan, Washington, D.C., were on the brief for appellees Palmer and others.
 Mr. Robert B. Frank, Washington, D.C., filed a brief on behalf of Restaurant Beverage Ass'n of Washington, D.C., Inc. and Washington, D. C. Retail Liquor Dealers Ass'n as amici curiae.
 Before WILBUR K. MILLER, Senior Circuit Judge, MCGOWAN, Circuit Judge, and EDWARDS,[1] CircuitJudge of the United States Court of Appeals for the Sixth Circuit.
 PER CURIAM.
 
 
 1
 The appellants, who were holders of retail liquor licenses for premises on M Street in Georgetown, applied to the Alcoholic Beverage Control Board of the District of Columbia for similar licenses for the year beginning February 1, 1966. During the course of extensive proceedings, the applicants moved that one of the Board members disqualify himself, or that the Board disqualify him, because of alleged bias and prejudice. The motion was denied by a unanimous vote.
 
 
 2
 By a vote of two to one, the Board denied the applications for licenses, the Board member who had been attacked voting with the majority. Thereupon, the applicants sued the members of the Board in the United States District Court seeking injunctive relief from the orders of denial. They charged the Board had acted arbitrarily, capriciously and unreasonably and had denied them their constitutional right to due process. Among other things, the applicants said the Board had unlawfully 'disregarded the equities' in denying their applications.
 
 
 3
 The District Court granted summary judgment to the Board members and the applicants appeal. They repeat here the various charges and arguments made before the Board and the District Court, but rely principally upon the alleged disqualification of the Board member they had sought to unseat.
 
 
 4
 The record shows that the Board did not disregard the equities and we hold that the record supports its decisions as far as the merits of the cases are concerned. With respect to the alleged disqualification of one of the Board members, our view is there was not sufficient evidence of bias on his part to make his participation in the proceedings unlawful or improper. We must uphold, therefore, the action of the District Court in that regard, as well as on the merits.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Sitting by designation pursuant to Section 291(a) of Title 28 U.S.Code